# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MITALI EXPRESS, LLC**                                 **CIVIL ACTION**

**VERSUS**                                                                 **NO. 17-1210-BAJ-EWD**

**CANOPIUS US INSURANCE, INC.**

## NOTICE AND ORDER

This matter arises from a first-party property insurance claim asserted by Mitali Express, LLC ("Mitali") against Canopius US Insurance, Inc. ("Canopius") under a commercial property insurance policy issued by Canopius for certain property located at 1410 N. Range Avenue, Denham Springs, Louisiana 70726.[1] The insurance claim is for the flood damage that occurred on or about August 13, 2016, as well as damage from an alleged burglary at the subject property around the time of the flood. On or about August 14, 2017, Mitali filed a Petition for Damages against Canopius in the Twenty-First Judicial District Court for the Parish of Livingston, State of Louisiana, seeking damages and reimbursement for restoration and replacement of Mitali's damaged property and all ancillary costs associated therewith.[2] The matter was removed to this Court by Canopius on October 20, 2017, on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).[3]

---

[1] R. Doc. 1 at ¶ 2.
[2] R. Doc. 1-2.
[3] R. Doc. 1. Canopius asserts that removal is timely under 28 U.S.C. § 1446(b)(1) because the state court Petition had not yet been served upon Canopius at the time of removal. *Id*. at ¶ 4. Alternatively, Canopius asserts that removal is timely under 28 U.S.C. § 1446(b)(3) because Canopius recently learned that the amount sought by Mitali exceeds $75,000. Specifically, Canopius asserts that it received a copy of the Petition from Mitali's counsel by email on August 18, 2017, at which point Canopius believed that Mitali intended to pursue a claim of approximately $27,000 for alleged burglary damages. However, on September 26, 2017, Mitali's counsel sent email correspondence to counsel for Canopius indicating that Mitali is seeking approximately $147,385.94 for its alleged burglary damages. *Id*. at ¶¶ 6-7. Thus, Canopius contends removal is timely.

The Notice of Removal contains the following allegations regarding the citizenship of the parties:

> 9.
> Plaintiff, Mitali Express, LLC, is a Limited Liability Company, registered in the State of Louisiana with its registered domicile address at 13033 Carrington Place Avenue, Baton Rouge, LA 70817. (See Plaintiff's Petition, Exhibit "A")(See Louisiana Secretary of State Detailed Record for Mitali Express, LLC, Exhibit "B").
> 10.
> Defendant, Canopius US Insurance, Inc., is a corporation which is incorporated in the State of Delaware, with its principal place of business located in the State of Illinois. Thus, pursuant to 28 U.S.C.§ 1332(c)(1), Canopius US Insurance, Inc. is a citizen of the States of Delaware and Illinois.[4]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. Citizenship has not been adequately alleged in the Notice of Removal. While the citizenship of the defendant, Canopius US Insurance, Inc., has been properly alleged,[5] the citizenship of the plaintiff, Mitali Express, LLC, has not been adequately alleged. The Fifth Circuit has held that for purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of

---

[4] R. Doc. 1 at ¶¶ 9 and 10.
[5] The Fifth Circuit has held that, "For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (*citing* 28 U.S.C. § 1332(c)). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c).

a limited liability company which is also a limited liability company. *See, Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd*., Civ. A. No. 06-88-A, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Canopius US Insurance, Inc. shall have seven (7) days from the date of this Notice and Order to file a comprehensive amended Notice of Removal without further leave of Court properly setting forth the citizenship particulars required to establish that the Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a).

Signed in Baton Rouge, Louisiana, on October 23, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**